## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GATEKEEPER SOLUTIONS, INC.** | |
| 1502 COURT NORTH DRIVE | |
| MELVILLE, NEW YORK 11747 | CIVIL ACTION NO. |
| PLAINTIFF | |
| V. | 8:26-CV-2947 |
| **HORNETSECURITY, INC.** | |
| 425 WISCONSIN AVENUE, SUITE 602 | |
| CHEVY CHASE, MARYLAND 20815 | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Gatekeeper Solutions Inc. ("Gatekeeper"), by its undersigned counsel, alleges as follows for its Complaint against Defendant Hornetsecurity Inc. ("Hornetsecurity").

### I.    THE NATURE OF THIS ACTION

1.    Gatekeeper brings this action against Hornetsecurity pursuant to 35 U.S.C. §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 9,032,038 ("the '038 patent") titled "Recipient control system for ensuring non-conflicting and comprehensive distribution of digital information and method thereof."

### II.    THE PARTIES

2.    Plaintiff is a New York corporation having an address located at 1502 Court North Drive, Melville, NY 11747. Plaintiff is the owner of the '038 patent by assignment.

3.    Defendant Hornet is a Foreign Corporation, based in Germany, with a regular and established place of business at 5425 Wisconsin Avenue, Suite 602, Chevy Chase Maryland 20815.  Hornetsecurity has a registered agent in Maryland CSC-Lawyers Incorporating Service Company, 7 Saint Paul Street, Suite 820, Baltimore MD 21202.

1

4.      Hornetsecurity makes, uses, develops, offers to sell, licenses and sells the accused products throughout the United States. Hornetsecurity manages and provides 365 total protection enterprise plan which includes AI Recipient Validation.  Hornetsecurity directly infringes the system claims of the '038 Patent.

5.      Defendant, and customers of Defendant, use the accused products to practice the claimed system and methods of the '038 patent.

## III.    JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

7.      This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

8.      This Court has personal jurisdiction over Defendant because Hornetsecurity maintains an office in Maryland and has committed acts of infringement including sales of infringing products and use of infringing products in Maryland.

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391(c)(3) because Hornetsecurity is a foreign corporation and under 28 U.S.C. §1400(b) because Hornetsecurity maintains a place of business in this District and has committed acts of infringement, including development, use, sale, licensing and offers to sell infringing products.

## IV.    BACKGROUND AND GENERAL ALLEGATIONS

10.      Gatekeeper is the originator and current assignee of the '038 patent. Todd Cohen, one of the named inventors, is Gatekeeper's principal officer.

11.      On May 12th, 2015, United States Patent No. 9,032,038, entitled "Recipient control system for ensuring non-conflicting and comprehensive distribution of digital information and method thereof " was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '038 Patent claims patent-eligible subject matter and is valid

and enforceable. Gatekeeper is the exclusive owner by assignment of all rights, title, and interest in the '038 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '038 Patent. Defendant is not licensed to the '038 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '038 patent whatsoever. A true and correct copy of the '038 Patent is attached hereto as **Exhibit A**.

12.    The '038 Patent was reexamined and a Reexamination certificate, was issued on November 6, 2025 and is attached hereto as **Exhibit B**.

13.    The '038 Patent teaches a system and method for monitoring e-mail sent by a user to one or more recipients, to avoid including inappropriate or unintended recipients. The invention can also provide information about inappropriate recipients and/or the parameters that were triggered.

14.    Defendant Hornetsecurity provides and sells the software, including the 365 Total Protection Enterprise Plan which includes AI Recipient Validation which avoids misdirected emails and accidental data leaks by using a system and method that infringes the '038 patent.



15.    The AI Recipient Validation feature infringes at least claims 7-9, 29-31, 46 and 47 of the '038 Patent.

16.    The '038 Patent is referred to herein as the "Patent-in-suit." The Patent-in-suit is

presumed valid under 35 U.S.C. § 282.

## V.   THE PATENT

17.   The claims of the '038 patent are directed to "A system for ensuring an electronic communication being sent by a user to two or more recipients, each recipient having at least one associated email address, telephone number and/or title, is not sent to one or more inappropriate recipients.

18.   Claim 7 of the '038 patent recites:

> 7. A system for ensuring an electronic communication being sent by a user to one or more recipients, each recipient having at least one associated email address, telephone number and/or title, is not sent to one or more inappropriate recipients, comprises:
>
> a. means for receiving one or more parameters identifying conditions for an inappropriate recipient, wherein said parameter identifies a group of one or more recipients lacking one or more of which the remaining recipients are inappropriate recipients;
>
> b. means for storing said parameters;
>
> c. means for comparing each recipient of said electronic communication with said parameters to determine whether a recipient is an inappropriate recipient;
>
> d. means for stopping the sending of the electronic communication when said comparing means determines at least one inappropriate recipient;
>
> e. means for notifying the user of each inappropriate recipient as determined by said comparing means and the parameters that identify each inappropriate recipient; and
>
> f. means for sending the electronic communication when said comparing means does not determine at least one inappropriate recipient.

## VI.   INFRINGEMENT

19.   Defendant engineers and provides the 365 Total Protection Enterprise Plan which contains the Recipient Validation. Defendant's Recipient Validation infringes claims of the '038 patent.  Infringement is set out in the attached claim chart, **Exhibit C.**

4

20.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '038 patent, by making, using, testing, selling, licensing, offering for sale and/or importing into the United States Defendant's Accused Products.

21.     Defendant also indirectly infringes the '038 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant has knowingly, at least since the filing of this civil action, and intentionally actively induced others to directly infringe at least one claim of the '038 patent by providing software through which its customers practice the claimed methods and by providing infringing systems used by its customers, including Hornetsecurity users throughout the United States. Defendant continues to induce infringement of the '038 patent. Defendant has contributorily infringed and continues to contributorily infringe under 35 U.S.C. §271(c) because, with knowledge of the '038 patent, they supply a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '038 patent, Defendant supplies the technology that allows its customers to infringe the patent, including allowing Defendant's customers to practice the method claims.

22.     Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly infringe, contribute to and when used according to Defendant's instructions for operation, indirectly infringe claims of the '038 Patent.

23.     Attached as **Exhibit B** to the Complaint is a claim chart demonstrating the correspondence of the operation of the accused products with elements of an exemplary, but not representative, claim of the '038 patent.

24.     Defendant and its customers have continued infringement.

25.     The accused products satisfy the elements of the asserted claims, as demonstrated in Exhibit C.

26.    Defendant has infringed, and continues to infringe, at least claims 7-9; 29-31; and 46-47 of the '038 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, distributing offering to sell, selling and/or importing into the United States, systems, and methods that infringe the asserted claims and by performing the claimed methods in the United States, (b) by inducing others to use the accused products and/or sell the accused products and to perform the claimed methods in the United States, (c) by contributing to the infringement of others and by selling components of the patented systems and (b & c) by selling a product for performing the patented process. Defendant continues to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe. Defendant continues to sell accused products inducing and contributing to infringement by others and also continues to perform infringing activity by performing the claimed method in the United States.

27.    By engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States. Defendant continues to infringe claims of the '038 Patent.

28.    Upon information and belief, Defendant has directly infringed one or more of claims of the '554 and '534 patents under 35 USC §271(a):

"(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States. Defendant continues to infringe claims of the '038 Patent.

29.    Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '038 Patent under 35 USC §271(b):

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used and/or combined to create a infringing system and/or used to practice the patented methods according to the instructions and thereby inducing others to directly infringe by using the products in an infringing manner.

30.    Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '038 Patent under 35 USC §271(c):

(c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

by providing accused products, and other components and supplies, which are combined, such as with other e-mail software and/or as an add-on to email systems or programs or otherwise combine to form an infringing system and/or used in practicing methods which infringe the claims of the '038 Patent, thus contributing to the direct infringement of the '038 Patent by others.

31.    Defendant does not have a license or authority to use the '038 Patent.

32.    Defendant has been willfully infringing the '038 Patent since at least as early as they became aware of the '038 Patent. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendant has intentionally continued their knowing infringement.

33.    As a result of Defendant's infringement of the '038 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## VII.    COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,655,038

34.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

35.    Defendant Hornetsecurity has infringed, and continues to directly infringe, at least claim 7-9; 29-31; and 46-47 of the '038 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

36.    Defendant does not have a license or authority to use the '038 Patent.

37.    As a result of Hornetsecurity's infringement of the '038 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## VIII.    COUNT II –
## INDIRECT INDUCED INFRINGEMENT OF U.S. PATENT NO. 8,655,038

38.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

39.    Upon information and belief, Defendant Hornetsecurity has indirectly infringed one or more of the claim 7-9; 29-31; and 46-47 of the '038 patent under 35 USC §271(b) by inducing its customers to use the accused system and by inducing its customers to practice the claimed method.  Hornetsecurity's customers are direct infringers of both system and method claims of the '038 Patent.

40.    Defendant does not have a license or authority to use the '038 Patent.

41.    As a result of Hornetsecurity's infringement of the '038 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**IX.    COUNT III –**

**INDIRECT CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 8,655,038**

42.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

43.    Upon information and belief, Defendant Hornetsecurity has indirectly infringed one or more of the claims of the '038 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claim 7-9; 29-31; and 46-47 of the '038 patent, thus contributing to the infringement of the '038 patent.  Hornetsecurity's customers are direct infringers of both system and method claims of the '038 Patent.

44.    Defendant does not have a license or authority to use the '038 Patent.

45.    As a result of Hornetsecurity's infringement of the '038 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**X.    PRAYER FOR RELIEF**

A.  For a Judgment declaring that Hornetsecurity has infringed the '038 Patent.

B.  For a judgment declaring that Hornetsecurity's infringement of the '038 Patent has been willful and for enhancement of damages in accordance with 35 U.S.C. 284;

C.  For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

D.  For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '038 Patent in an amount to be determined at trial;

E.  For a judgement and order awarding a compulsory ongoing royalty;

F.  For a judgment declaring that this case is exceptional and awarding Plaintiff its

expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

G.  For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

H.  For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

I.  For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## XI.    DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Respectfully submitted,

*/s/ Joseph J. Zito*
Joseph J. Zito
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

*Attorneys for*
*Gatekeeper Solutions Inc.*

10